[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By writ, summons and complaint dated July 18, 1997, the plaintiff Walter E. Richter, Jr. and Michael W. Richter, commenced this action to quiet title and named as defendants, Walter J. Adametz, Phyllis W. Brault individually and Phyllis W. Brault as Executrix of the Estate of Harold Brault. By amended complaint dated October 31, 2000, the defendant, Mary F. Adametz, Administratrix of the Estate of Walter J. Adametz was substituted for Walter J. Adametz, deceased. The same amended complaint substituted the defendant, Susan Edwards, who by virtue of a quit claim deed, was granted title to the property interests of the defendants, Phyllis W. Brault and Phyllis W. Brault, Executrix of the Estate of Harold Brault.
The defendants' answer was filed August 31, 1998. The amended complaint merely substituted defendants, therefore, the matter was tried on the amended complaint of October 31, 2000 and the answer filed by the defendants on August 31, 1998.
At the time of trial, the plaintiffs were Walter E. Richter, Jr. and Michael W. Richter. The defendants were Mary F. Adametz, Administratrix of the Estate of Walter J. Adametz, and Suzanne Edwards.
At trial, the plaintiffs stipulated to their northerly boundary with Suzanne Edwards and that portion of the easterly boundary of her southernmost parcel which abuts their land as set forth in the A-2 survey dated March, 2001, prepared by Lawrence W. Fisher.
Accordingly, judgment should enter for the defendant, Suzanne Edwards, as to both parcels as shown on the aforesaid A-2 survey prepared by Lawrence W. Fisher.
After a full trial, all parties present and/or represented by counsel, the court, by a preponderance of the credible, relevant and legally admissible evidence, and the reasonable, logical and lawful inferences to be drawn therefrom, finds, determines and rules as follows:
The plaintiffs, Walter E. Richter, Jr. and Michael W. Richter, attained CT Page 15176 title to their premises as decedents of Ida Schnoor, who by Certificate of Devise, received certain real estate described as follows:
 "East of Red House bounded: North by State owned property, East by Pond Meadow Brook, South by land of Alfred Schnoor, West by land of Herman Schnoor."
Upon Ida Schnoor's death, the same property was devised to her nephew, Louis Grimme, who died April 9, 1961. The property passed on to his cousin, Walter E. Richter, Sr., the father of the plaintiff's herein. Upon his death, title to the property passed to his wife, Anne E. Richter, who, by quit claim deed, conveyed the subject property to her sons, the plaintiffs herein.
In 1992, the Estate of Walter E. Richter, Jr. commissioned an A-2 survey of two tracts of land devised to Ida Schnoor. After the adjoining land owners were notified, affidavits of title were filed by two abutting land owners, Walter J. Adametz and Harold and Phyllis Brault, regarding the western boundary, the area of the Richter parcel and the location of the Brault and Adametz holdings.
The defendant, Estate of Adametz, asserts that its title devolved as follows:
From the Estate of Henri Schnoor to Charles Schnoor by Certificate of Distribution, certain real estate described as follows:
 "3rd tract containing sixteen (16) acres, more or less, bounded:
 North by land of Chris Deckelman, East by Pond Meadow Road, South by land of Alfred Schnoor, West by Highway."
The estate of Walter J. Adametz is the successor in interest to the Deckelman property.
By conservator's deed from the estate of Charles Schnoor, the same property was conveyed to Kenneth Jenks Tyler and Doris Armstrong Tyler, who by warranty deed, dated January 7, 1967, conveyed the property to Irma Smith. All the subsequent documents transferring title described the real estate exactly as it was devised to Charles Schnoor. CT Page 15177
By warranty deed, dated January 9, 1976, Irma Smith conveyed 4 acres of the subject property to Bruce E. Dobson and Nancy R. Dobson.
On July 26, 1988, Irma Smith also entered into a boundary line agreement with Walter J. Adametz concerning the property lines between her remaining property and that claimed by Adametz.
By quit claim deed dated July 26, 1988, the same date as the boundary line agreement, Irma Smith conveyed the following described parcel to Walter J. Adametz:
 "A certain piece or parcel of land situated in the Town of Killingworth, County of Middlesex, State of Connecticut,
 North and Easterlly: by land now/formerly of the State of Connecticut
 Southerly: by Harold Brault as of record may appear,
 Westerly: by land of Dodson, remaining land of Smith, said westerly line being the westerly line being the center line of Pond Meadow Brook."
This is the parcel to which the plaintiffs lay claim and over which this action to quiet title was commenced.
A review of the evidence, exhibits, and with due accord given to arguments raised by counsel in their respective briefs, the court finds as follows:
 1. Charles Schnoor, the distributee of the subject property, regardless of the acreage specified in the Certificate of Devise, was not given title to any land east of Pond Meadow Brook.
 2. Pond Meadow Brook is a natural boundary and, as such, is not ambiguous or subject to interpretation.
 3. Irma Smith never acquired any real estate east of Pond Meadow Brook and, accordingly, had nothing east of Pond Meadow Brook to convey to Walter J. CT Page 15178 Adametz.
 4. Walter J. Adametz never acquired any property east of Pond Meadow Brook because Irma Smith had no ownership to the land described in the quit claim deed, dated July 26, 1998 and recorded in Vol. 101, pg. 789 of the Killingworth land records.
 5. The mutual distribution dated July 20, 1933 and recorded July 31, 1933 described the 3rd tract distributed to Ida Schnoor as follows:
 "East of Red house bounded North by state owned property East by Pond Meadow Brook South by land of Alfred Schnoor West by land of Herman Schnoor"
The court expressly holds that the east and west calls in this description have been reversed. Ida Schnoor never acquired any land west of Pond Meadow Brook or east of the land distributed to Herman Schnoor. The correct calls should be:
 North by state owned property West by Pond Meadow Brook South by land of Alfred Schnoor East by land of Herman Schnoor
Common sense, logic and reason indicate that the calls, as corrected, clearly indicate the intent of the distributees. To find that Ida Schnoor's distribution included land to the west of Pond Meadow Brook would require a finding that Charles Schnoor and Ida Schnoor were distributees of the same real estate.
Accordingly, judgment is entered for the plaintiffs, Walter F. Richter, Jr. and Michael W. Richter, against the defendant, Estate of Walter J. Adametz, quieting title, in the plaintiffs, to the real estate as described in Schedule A, attached, entitled "Land of Walter E. Richter, Jr. and Michael W. Richter." Said description shall be the boundaries of the plaintiffs' land and shall be recorded as such.
Pursuant to the stipulation of the plaintiffs, judgment is entered for the defendant, Suzanne Edwards, establishing the northerly boundary and that portion of the easterly boundary of her southernmost parcel which abuts the plaintiffs' land as set forth in Schedule B, "The land of Suzanne Edwards, 109 Schnoor Road". CT Page 15179
Also, pursuant to the stipulation of the plaintiffs, judgment is entered for the defendant, Suzanne Edwards, in accordance with the description affixed hereto as Schedule C — "The land of Suzanne Edwards, Schnoor Road, rear."
Since the Estate of Walter Richter is not a party to these proceedings, the court will not enter any judgment with respect to same.
No costs are awarded to any party.
DANIEL F. SPALLONE JUDGE TRIAL REFEREE
 SCHEDULE A
A certain parcel of land situated in the Town of Killingworth, County of Middlesex, State of Connecticut, being composed of a portion of the tract shown on a certain map entitled "LAND OF ESTATE OF WALTER RICHTER BETHKE ROAD SCHNOOR ROAD KILLINGWORTH, CONNECTICUT SCALE: 1" = 50 FT. DATE: 9 JUL 1992 IDENT. NO. 91-498" by Metcalf Sanborn and recorded on the land records of the Town of Killingworth, Connecticut, and a certain tract labeled "WALTER E. JR. MICHAEL W. RICHTER F/Y IDA SCHNOOR 3rd TRACT" on a map entitled "PROPERTY SURVEY, BOUNDARY JUDGMENT BETWEEN LAND OF SUSAN EDWARDS AND LAND OF WALTER E., JR. MICHAEL W. RICHTER, SCHNOOR ROAD (REAR LAND) KILLINGWORTH, CONNECTICUT" BY LWF LAND SURVEYING, SCALE 1" = 50', DATED OCTOBER, 2001, to be recorded on the Land Records of the Town of Killingworth, Connecticut said parcel in total containing 14.0 acres, more or less. Said parcel is more particularly bounded and described as follows:
Beginning at a 12" oak tree with wire found at the northwesterly corner of land now or formerly of Richard T. Ramino, as shown on the second referenced map above;
Thence N 10° 11' 20" E 74.62 feet along land of Susan Edwards to the centerline of an existing cart path, so-called, as shown on said map;
Thence N 74° 48' 40" W 463.27 feet along land of Susan Edwards to a stone pile, as shown on said map;
Thence N 55° 36' 50" E 357.00 feet along land now or formerly of the Estate of Walter Richter to a point, as shown on said map.
Thence S 79° 42' 30" E 532.89 feet along other land of Susan Edwards to the centerline of the aforementioned cart path, so called, as shown on CT Page 15180 said map;
Thence northeasterly 458.00 feet, more or less, along the centerline of the cart path, so called, to a point in the centerline of said cart path;
Thence S 51° 29' 00" E 45 feet, more or less, along land now or formerly of William R. Tracey Murray, to a point in the centerline of Powder Meadow Brook, which point is shown on the first referenced map above;
Thence the following courses along the centerline of Powder Meadow Brook as shown on said first referenced map: N 83° 53' 32" E 32.64 feet; N 85° 28' 32" E 28.44 feet; N 49° 36' 52" E 25.67 feet; N 78° 09' 36" E 36.39 feet; N 86° 58' 41" E 9.61 feet; S 50° 29' 48" E 26.92 feet; S 70° 41' 47" E 16.03 feet; N 70° 39' 28" E 33.32 feet; N 88° 01' 21" E 66.55' to a point in the centerline of Powder Meadow Brook;
Thence S 36° 37' 34" E 182.74 feet along land now or formerly of Louis E. Eleanor B. Nagy to a 30 inch dead hemlock tree, as shown on said first referenced map;
Thence S 36° 37' 34" E 417.66 feet along land now or formerly of Louis E. Eleanor B. Nagy to a point, said point being N 36° 37' 34" W 10.04 feet from an iron pipe found, as shown on said first referenced map;
Thence the following courses along land now or formerly of William Debra Koret Herbst, as shown on said first referenced map; S 80° 55' 04" W 8.04 feet to the end of a stone wall; S 80° 55' 04" W 123.86 feet along said stone wall to a point; S 78° 33' 11" W 78.76 feet along said stone wall to a point; S 81° 49' 43" W 68.43 feet along said stone wall to a point; S 81° 40' 31" W 73.88 feet to an iron pipe found;
Thence the following courses along land now or formerly of David K. Carol K. Sturges, as shown on said first referenced map: S 79° 34' 02" W 72.25 feet to an iron pipe found; S 83° 54' 59" W 58.68 feet to an iron pipe found; S 68° 14' 46" W 23.32 feet to a point; S 75° 30' 35" W 53.77 feet to a point;
Thence the following courses along land of Jonathan P. Jayne L. Willets, as shown on said first referenced map: S 75° 30' 35" W 43.69 feet to a point; N 73° 04' 51" W 19.54 feet to a point; S 83° 02' 07" W 72.21 feet to a point; S 75° 18' 26" W 66.91 feet to an iron CT Page 15181 pipe found;
Thence the following courses along land now or formerly of Karen A. Gregson, as shown on said first referenced map; S 86° 45' 00" W 54.19 feet along a fence line to a point; S 82° 09' 25" W 56.98 feet in part along a fence line to a point; S 71° 08' 49" W 48.95 feet to a point; S 79° 09' 02" W 38.99 feet to a point; said point being S 03° 29' 05" E 17.94 feet from an iron pipe found;
Thence the following courses along land now or formerly of George G. Karen H. Caughman, as shown on said first referenced map; S 79° 09' 02" W 51.64 feet to a point; S 75° 35' 04" W 41.71 feet to an 18 inch oak tree with wire; N 87° 54' 42" W 23.32 feet to a 12 inch oak tree with wire; S 83° 02' 19" W 100.74 feet to the point of beginning.
Together with a certain right of way to inland owners to which reference may be had at Volume 51 page 206 of the Killingworth Land Records.
 SCHEDULE B The land of Susan Edwards 109 Schnoor Road is determined to be as follows:
A certain piece or parcel of land situated in the Town of Kiilingworth, County of Middlesex, State of Connecticut, containing 5.7acres, more or less, and being shown in part and labeled "Land of SusanEdwards, 109 Schnoor Road" on a map entitled "Property Survey, BoundaryJudgment Between Land of Susan Edwards and Land of Walter E., Jr. andMichael W. Richter, Schnoor Road (Rear Land), Killingworth, Connecticut"by LWF Land Surveying, scale 1" = 50', dated October 2001, said parcel being more particularly bounded and described as follows:
Commencing at a point, said point being the southwesterly corner of land now or formerly of Richard T. Ramino, aka 103 Schnoor Road, as shown on said map;
Thence running Northwesterly 370 feet, more or less, along the northeasterly street line of Schnoor Road;
Thence running Northerly 645 feet, more or less, along land now or formerly of Patricia A. Debree and land now or formerly of Bruce E. and CT Page 15182 Nancy R. Dodson, partly by each, said course being the centerline of Pond Meadow Brook;
Thence running N 55° — 36' — 50" E 68.2 feet, more or less, along land now or formerly of the Estate of Walter Richter, as shown on said map;
Thence running S 74° — 48' — 40" E 463.27 feet and S 10° — 11' — 20" W 74.62 feet along land of Walter E., Jr. and Michael W. Richter, as shown on said map;
Thence running Southerly 638 feet, more or less, along land now or formerly of Richard T. Ramino, as shown on said map, to the point and place of commencement.
LWF-LS Search 425
 SCHEDULE C The land of Susan Edwards Schnoor Road, rear is determined to be as follows:
A certain piece or parcel of land situated in the Town of Killingworth, County of Middlesex, State of Connecticut, containing 4.5acres, more or less, and being labeled "Land of Susan Edwards, F/Y AlfredSchnoor, 4th Tract" on a map entitled "Property Survey, Boundary JudgmentBetween Land of Susan Edwards and Land of Walter E., Jr. and Michael W.Richter, Schnoor Road (Rear Land), Killingworth, Connecticut" by LWF LandSurveying, scale 1" = 50', dated October 2001, and being described as follows:
Commencing at a point, said point being located N 10° — 11' — 20" E 74.62 feet from the northwesterly corner of land now or formerly of Richard T. Ramino, aka 103 Schnoor Road, when measured along the division line separating land of Susan Edwards from land of Walter E., Jr. and Michael W. Richter and thence Northeasterly 445 feet, more or less, when measured along the centerline of a wood road or cart path, so-called running through land of Walter E., Jr. and Michael W. Richter. Said parcel being bounded and described as follows: CT Page 15183
Thence running N 79° — 42' — 30" W 532.89 feet along land of Walter E., Jr. and Michael W. Richter;
Thence running N 55° — 36' — 50" E 514.07 feet along land now or formerly of the Estate of Walter Richter;
Thence running N 37° — 11" — 40" E 175.59 feet along land now or formerly of Frank C. Bartlett;
Thence running S 43° — 28' — 10" E 203.39 feet and S 41° — 06' — 40" E 265.97 feet along land now or formerly of the State of Connecticut;
Thence continuing S 41° — 06' — 40" E 50.45 feet along land now or formerly of Mark Mininberg and Jane B. Robinson;
Thence running Westerly and Southwesterly 458 feet, more or less, along land of Walter E., Jr. and Michael W. Richter, said course being the centerline of a wood road or cart path, so-called, to the point and place of commencement.
LWF-LS Search 425